UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERA EVANS,<br><br>    Petitioner,<br><br>    v.<br><br>JENKINS,<br><br>    Respondent. | Case No. 18-cv-02716-SI<br><br>**ORDER FOR AMENDMENT TO PETITION**<br><br>Re: Dkt. No. 1 |

Petitioner, a prisoner at the Federal Correctional Institution in Dublin, California, filed this *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2241. She indicates that she has completed a residential drug abuse program ("RDAP") and that she should be entitled to an earlier release from custody as a result of that completion. The Bureau of Prisons ("BOP") apparently has determined that she is not eligible for an earlier release due to her criminal history. Petitioner alleges that she is being denied such release because her sentence included a firearm-use enhancement, which she does not think should make her ineligible for early release.

The petition does not provide sufficient information on three particular points. First, petitioner states that the U.S. Court of Appeal has held that the "BOP could not rely upon senten[cing] enhancements to deny a prisoner eligibility for 3621(e) sentence reduction for RDAP" and has "found the program statement was inconsistent" with the clear language of the statute. Docket No. 1 at 7. She must provide citations for the cases support either or both of these propositions.

Second, the equal protection claim does not state sufficient facts showing different treatment. Petitioner alleges that her right to equal protection of the laws has been violated because "because other inmates have received the reduction and have the same offense." Docket

No. 1-1 at 2. She does not identify the other inmates who were similarly situated to her and were treated differently than her with regard to the early release issue. *See Reeb v. Thomas*, 636 F.3d 1224, 1228 n.4 (9th Cir. 2011) (equal protection claim fails where petitioner "does not present any facts demonstrating that he was treated differently from others who were similarly situated to him"). In an amendment to the petition, petitioner must identify the other prisoners who allegedly were treated differently. For each such inmate, petitioner must (a) state the inmate's name, (b) identify that inmate's district of conviction and case number in that district, and (c) state the date on which that inmate received a sentence reduction as a result of his/her completion of an RDAP program.

Third, the equal protection claim also is deficient because it does not allege facts suggesting there is a discriminatory purpose in the allegedly different treatment of petitioner vis-à-vis other prisoners. *Cf. Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'") In the amendment to the petition, petitioner must allege facts showing that BOP personnel acted with an intent or purpose to discriminate against petitioner because of her membership in a protected class.

No later than **August 24, 2018**, petitioner must file an amendment to her petition for writ of habeas corpus to provide the requested information.

**IT IS SO ORDERED**.

Dated: July 20, 2018

_____
SUSAN ILLSTON
United States District Judge