UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERA EVANS,<br><br>        Petitioner,<br><br>    v.<br><br>JENKINS,<br><br>        Respondent. | Case No. 18-cv-02716-SI<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 1, 11 |

Kera Evans, a prisoner currently incarcerated at the Federal Correctional Institution in Dublin, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence.

A district court may entertain a petition for writ of habeas corpus challenging the execution of a federal sentence by a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citation omitted).

Evans pled guilty and was convicted in the District of Montana in 2014 of possession with intent to distribute methamphetamine. *See United States v. Evans*, D. Mont. Case No. CR 13-79-BLG-SPW-03 at Docket No. 187 (judgment in a criminal case). Her petition indicates that she received a "gun enhancement." Docket No. 1 at 2. Her petition also indicates that, while in custody, she participated in the Residential Drug Abuse Program but was denied a sentence reduction

otherwise available under 18 U.S.C. § 3621(e) because of the "gun enhancement." Docket No. 1 at 2.

In her petition for writ of habeas corpus, Evans contends that the reliance of the Bureau of Prisons ("BOP") upon the "gun enhancement" to determine that she was ineligible for a sentence reduction under 18 U.S.C. § 3621(e) violated her right to due process and her right to equal protection of the laws. (In her response (Docket No. 11) to the court's order, Evans identified cases in which other inmates purportedly received the sentence reduction and have the same offense as she does.) Liberally construed, the allegations in the petition, as amended by Docket No. 11, state cognizable due process and equal protection claims for habeas relief for a federal prisoner.

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, as well as the order at Docket No. 7 and the response at Docket No. 11, upon respondent, respondent's attorney, the United States Attorney for the Northern District of California, and the Attorney General of the United States in Washington, D.C. The clerk also shall serve a copy of this order upon petitioner.

2. Respondent must file and serve upon petitioner no later than **January 18, 2019,** an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all documents that are relevant to a determination of the issues presented in the petition. *Although respondent likely will rely on documents from the BOP to show the decision-making process, he also is urged to demonstrate – preferably by reference to documents from the sentencing court rather than from the BOP -- that petitioner's conviction did "involve[] the carrying, possession, or use of a firearm or other dangerous weapon," 28 C.F.R. § 550.55(b)(5)(ii), if that is the basis for the denial of early release.*

///

///

3. If petitioner wishes to respond to the answer, she must file and serve on respondent her traverse no later than **February 15, 2019**.

**IT IS SO ORDERED**.

Dated: November 5, 2018

_____
SUSAN ILLSTON
United States District Judge