UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KERA EVANS,

              Petitioner,

    v.

JENKINS,

              Respondent.

Case No.  18-cv-02716-SI

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      Kera Evans, a federal prisoner at Federal Correctional Institution in Dublin, California, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the determination that she is not eligible for a sentence reduction upon completion of a drug abuse treatment program. For the reasons discussed below, the petition will be denied.

## BACKGROUND

A.    <u>Criminal Conviction and Sentence</u>

      Kera Evans pled guilty and was convicted in the United States District Court for the District of Montana in 2014 of possession with intent to distribute methamphetamine (21 U.S.C. § 841(b)(1)(A)).  Docket No. 17-1 at 11.

      The presentence investigation report in her criminal case stated that Evans and the driver of the pickup truck in which she was a passenger were arrested when they arrived at a motel with methamphetamine for a pre-arranged sale.  The report also described the guns found in the truck:

> A 9 mm pistol was located concealed in [the driver's] back waist[band].  Also inside the vehicle along the driver's side seat was a tactical shotgun which was in plain view.

The vehicle was searched and law enforcement located a black purse which contained a plastic baggie with a white crystal substance inside, a smaller plastic baggie with a white crystal substance inside, and a glass pipe with white residue. A Ruger M77 22-250 rifle, serial number 78606869, was located on the passenger side front seat. . . .

A High Standard Sport King .22 caliber pistol, serial number 503887 was found between the center counsel [sic] and the front seat. . . . A Marlin Glenfield 60, a .22 caliber rifle, serial number 24378426, was located on the back seat of the vehicle.

Docket No. 17-1 at 51.

In a section labelled "Specific Offense Characteristic," the presentence investigative report stated: "Pursuant to U.S.S.G. § 2D1.1(b)(1), the offense level is increased by two (2) levels as firearms were possessed during the drug transactions, listed in the Offense Conduct." Docket No. 17-1 at 53.

Evans was sentenced to a term of 96 months in prison followed by five years of supervised release. *Id.* at 12-13. In calculating Evans' sentence, the trial court "adopt[ed] the presentence investigation report without change." *Id.* at 55.

B.    The Residential Drug Abuse Treatment Program

The U.S. Bureau of Prisons (BOP) must "make available appropriate substance abuse treatment for each prisoner the BOP determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). In order to carry out this requirement, "the Bureau of Prisons shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners . . . , with priority for such treatment accorded based on an eligible prisoner's proximity to release date." 18 U.S.C. § 3621(e)(1)(C). The BOP offers an intensive nine-month residential treatment program and incentivizes prisoners to enroll in that program by offering a possible reduction in sentence. "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *See* 18 U.S.C. § 3621(e)(2)(A-B). A prisoner may be admitted into the Residential Drug Abuse Treatment Program (RDAP) regardless of her eligibility for early release under the incentivizing provision in § 3621(e)(2)(B).

As part of the RDAP admission process, a prisoner is considered for a sentence reduction. Docket No. 17-1 at 4-5. Various persons at the BOP determine whether the prisoner qualifies for early release by, among other things, examining information about the prisoner's current offense. *Id.* The Designation and Sentence Computation Center (DSCC) Legal Department determines, in accordance with applicable regulations and BOP Program Statement 5162.05, whether a prisoner is precluded from receiving early release. To do so, the DSCC Legal Department reviews the prisoner's DSCC-maintained electronic sentence computation file, which includes the Judgment and Commitment Order, Statement of Reasons, Presentence Investigation Report, and any other relevant sentencing documentation. *Id.* The DSCC also will consider whether early release consideration is precluded by prior offenses if it is not precluded by the current offense. Docket No. 17-1 at 5.

In deciding whether the current offense precludes early release consideration, the DSCC decides whether any of the prisoner's current offenses satisfy the criteria in 28 C.F.R. § 550.55(b), and related BOP Program Statements 5331.02 and 5162.05. The regulation provides, in relevant part, that, "[a]s an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . Inmates who have a current felony conviction for: . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" or "[a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b)(5)(ii-iii).

C.     Evans Was Admitted To RDAP But Denied Early Release Consideration

Evans was admitted into the RDAP on May 10, 2016. Docket No. 17-1 at 4.

As part of the admission process, Irena Merk, a paralegal specialist in the Designation and Sentence Computation Center reviewed Evans' file. *Id.* at 6. Merk found that Evans "is precluded from receiving § 3621(e) early release due to her current offense conviction for Possession with Intent to Distribute Methamphetamine, because her guideline level included a two-level specific offense characteristic (SOC) enhancement as firearms were possessed during the drug transaction." Docket No. 17-1 at 6; *see also id.* at 51, 53. This enhancement was reflected in the sentencing

3

court's order adopting the two-level SOC enhancement that had been recommended in the presentencing report. *See id.* at 6-7, 53, 55. The DSCC Assistant General Counsel approved the offense review finding that Evans was precluded from receiving early release consideration. *See id.* at 7, 57-58.

The BOP's determination was that Evans was precluded from early release under 18 U.S.C. § 3621(e)(2)(B) because her current offense conduct "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)" and "by its nature of conduct, presents a serious risk of physical force against the person or property of another." Docket No. 17-1 at 57 (citing 28 C.F.R. § 550.55(b)(5)(ii)-(iii)).

The BOP also looks to Program Statement 5162.05 to determine whether a current offense precludes a prisoner from early release eligibility. Program Statement 5162.05 categorizes offenses to, among other things, "assist in the implementation of various Federal Bureau of Prisons policies and programs." Docket No. 17-1 at 34. Section 4 of Program Statement 5162.05 lists offenses that, in the Director's discretion, preclude a prisoner from receiving certain BOP program benefits, "such as early release pursuant to 18 U.S.C. § 3621(e)." Docket No. 17-1 at 41. Section 4.b describes convictions with specific offense characteristic (SOC) enhancements that may or may not preclude the prisoner from receiving certain BOP program benefits. Section 4.b includes an example of a person whose SOC enhancement will preclude her from receiving certain BOP program benefits – an example that describes Evans' situation rather closely (except that she was convicted of possession with intent to distribute rather than manufacturing). Docket No. 17-1 at 43. The example explains that a person convicted under 21 U.S.C. § 841 can receive a two-level increase in his or her base offense level because of an SOC if, for example, "a dangerous weapon was possessed during commission of the offense." Docket No. 17-1 at 43.

> This particular "Special Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

Docket No. 17-1 at 43.

D.  Evans' Petition For Writ Of Habeas Corpus And Response Thereto

Evans urges in her petition for writ of habeas corpus that the BOP's reliance upon her sentence enhancement to determine that she was ineligible for early release consideration under 18 U.S.C. § 3621(e) was "unconstitutional" because, by "ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transform a nonviolent offense into a crime of violence." Docket No. 1-1 at 1. The court understands this to be a due process claim. Evans also contends that the BOP's determination that she was precluded from early release consideration violated her right to equal protection of the laws because other prisoners purportedly received the sentence reduction even though they had been convicted of the same offense as hers. Docket No. 1-1 at 2.

Respondent makes several arguments in response to the petition. First, Respondent argues that judicial review is not available for the BOP's individualized decision to deny early release consideration for a particular prisoner. Second, he argues that the due process and equal protection claims are meritless. Finally, he argues that the BOP properly determined that Evans' conviction offense precludes her eligibility for early release consideration under § 3621(e) because of the two-level enhancement Evans received.

**DISCUSSION**

A.  A Challenge To The Categorical Rule Precluding Early Release Consideration
    Or To The Individualized Determination Under That Categorical Rule Fails.

A challenge to the BOP's categorical rule precluding prisoners from early release consideration based on a special offense characteristic is foreclosed by *Lopez v. Davis*, 531 U.S. 230, 240–43 (2001), which upheld the BOP's discretion to determine eligibility of inmates for early release under 18 U.S.C. § 3621(e)(2)(B) and to categorically exclude prisoners based on special offense characteristic enhancements. The Court explained that § 3621(e)(2)(B) categorically denied early release eligibility to inmates convicted of violent offenses *and* gave the BOP discretion to

impose other limitations as to which prisoners who completed the drug treatment program would be granted early release. *See Lopez*, 531 U.S. at 239-40. "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Id.* at 241. The Court determined that the BOP could categorically exclude prisoners based on pre-conviction conduct and that the BOP had properly "conclud[ed] that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244. The Court held that the BOP had reasonably exercised its discretion under 18 U.S.C. § 3621(e)(2)(B) in implementing the regulation (i.e., former 28 C.F.R. § 550.58(a)(1)(vi)(B)) that categorically precluded early release consideration for an inmate whose current offense involved the carrying, possession, or use of a firearm or other dangerous weapon. *Id.* at 232. (Former 28 C.F.R. § 550.58 has been redesignated and is now 28 C.F.R. § 550.55. *See* 69 Fed. Reg. 39887–02 (2004).)

Contrary to Evans' argument, the BOP has not attempted to transform a nonviolent offense into a crime of violence. Rather, the BOP has determined that a category of inmates (i.e., those whose offenses involved possession of a firearm, as evidenced by the imposition of the SOC enhancement) who are not excluded by the text of § 3621(e)(2)(B) from consideration for early release are precluded from consideration for early release in the exercise of the BOP's discretion. *Lopez* upheld that exercise of discretion. Evans' reliance on *Ward v. Booker*, 202 F.3d 1249 (10th Cir. 2000), for a contrary view is misplaced because that case is no longer good law: it was vacated and remanded in light of *Lopez. See Booker v. Ward*, 531 U.S. 1108 (2001).

In sum, the court rejects Evans' argument that the BOP could not preclude from early release consideration all of those inmates whose offense involved the possession of a firearm. The next question is whether there is any merit to Evans' challenge the BOP's determination in her particular case that she was precluded from early release consideration due to her SOC enhancement.

The Administrative Procedure Act (APA) provides a cause of action for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. But that cause of action does not exist if the

relevant statute precludes judicial review or agency action is committed to agency discretion by law. *Id.* at § 701(a).

The BOP's discretionary determinations under 18 U.S.C. § 3621 are an instance where judicial review under the APA is precluded by statute. Congress has specified that the BOP's discretionary determinations under 18 U.S.C. § 3621 are not subject to judicial review under the APA. *See* 18 U.S.C. § 3625.

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. *Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.*

*Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (emphasis added); *see, e.g., id.* (BOP's decision to expel petitioner from RDAP was not reviewable by the district court).

The district court generally "lack[s] jurisdiction to review the BOP's individualized determinations made pursuant to 18 U.S.C. § 3621." *Reeb*, 636 F.3d at 1228. In other words, this court cannot consider or grant relief on a claim that the BOP did not properly apply the regulations and program statement when it determined that Evans was precluded from being considered for early release even if she completed the RDAP. The foregoing thus would be the end of the analysis but for the fact that Evans asserts that the BOP's decision violated her rights to due process and equal protection. Judicial review remains available for allegations that the BOP's action violated the United States Constitution., *see Reeb*, 636 F.3d at 1228, so the court next considers the constitutional claims.

B.    Due Process Claim

The first step in a due process analysis is determining whether *any* process is due. To obtain a constitutionally protectible right, "'a person clearly must have more than an abstract need or desire for it'" and instead must have "a legitimate claim of entitlement to it.'" *Greenholtz v. Inmates of*

*Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Id.*

The problem for Evans is that there is no federal law that confers a protected right to early release under § 3621(e). As one court explained, the "hallmark of a statute that has not created a liberty interest is discretion. Where the statute grants the prison administration discretion, the government has conferred no right on the inmate." *Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007). Section 3621(e)(2)(B) plainly grants the BOP discretion in decisions regarding early release consideration, as it states that the period of custody after successful completion of RDAP *"may be* reduced" by up to one year. This statutory language shows the discretionary nature of the BOP's decisions regarding early release consideration. *See Richardson*, 501 F.3d at 420 ("The grant of discretion to the BOP in § 3621(e)(2)(B) indicates that no entitlement and, hence, no liberty interest, was created."); *see generally Lopez*, 531 U.S. at 241-42 (discussing BOP's exercise of discretion under § 3621(e)(2)(B)). The Ninth Circuit rejected a claim of the sort Evans appears to make when it concluded that a prisoner challenging his removal from RDAP "cannot prevail on his due process claim because inmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit." *Reeb*, 636 F.3d at 1228 n.4. Evans' due process claim fails because she had no protected liberty interest in obtaining early release upon completion of RDAP.

C.     Equal Protection Claim

The Fourteenth Amendment's Equal Protection Clause provides that no state shall deny to any person "the equal protection of the laws." U.S. Const. amend. XIV. The equal protection component of the Due Process Clause of the Fifth Amendment imposes a similar obligation on the federal government. *High Tech Gays v. Defense Indus. Security Clearance Office*, 895 F.2d 563, 570-71 (9th Cir. 1990). The Equal Protection Clause ensures that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Constitution does not, however, require things that are different to be treated the same. *Plyler v.*

8

*Doe*, 457 U.S. 202, 216 (1982).

Evans claims that she has been treated differently from other prisoners who were allowed early release even though their crimes were similar to hers. Docket No. 1-1 at 2 ("other inmates have received the reduction and have the same offense. I am entitled to equal treatment under the law"). She does not provide any evidence to prove this assertion, as she would need to do to have any hope of showing an equal protection violation. Similarly situated people would be inmates who had (a) convictions under 21 U.S.C. § 841 for manufacturing or possession for sale or with intent to distribute, *and* (b) SOC enhancements for firearm possession. A prisoner who merely had a conviction under § 841 but not the SOC enhancement is not similarly situated to a prisoner who has both circumstances.

Evans cites to several cases that supposedly support her equal protection claim, but none persuade the court that she has a meritorious claim. The main problem with the cases she cites is that they are based on an outdated version of the regulations and/or have been overturned. She cites *Arrington v. Daniels*, 516 F.3d 1106, 1113 (9th Cir. 2008), in which the Ninth Circuit held that the 2000 version of 28 C.F.R. § 550.58 was invalid under the APA due to the BOP's failure to articulate its rationale in the administrative record. This problem no longer exists, as the Ninth Circuit has since recognized in *Peck v. Thomas*, 697 F.3d 767, 770-72 (9th Cir. 2012) (BOP did not violate the APA when, in 2009, it exercised its discretion under § 3621(e)(2)(B) by implementing a regulation (28 C.F.R. § 550.55(b)) that categorically excludes certain classes of inmates from eligibility for § 3621(e)'s early release incentive). *Arrington* does not support Evans' equal protection claim. Next, Evans cites *Kilpatrick v. Houston*, 36 F. Supp. 2d 1328 (N.D. Fla. 1999), but that case is not helpful because it is no longer good law as it was vacated by *Houston v. Kilpatrick*, 531 U.S. 1108 (2011), in light of *Lopez*. The other two cases Evans cites suffer the same infirmity: they are based regulations that pre-date the 2009 regulation that *Peck* held was not invalid under the APA and that was applied to Evans: *Bohner v. Daniels*, 243 F. Supp. 2d 1171 (D. Or. 2003), addressed the 1997 version of the regulation and program statement, and *Byrd v. Hasty*, 142 F.3d 1395 (11th Cir. 1998) addressed a pre-1997 version of the regulation and program statement.

Evans fails to show that she was treated differently from similarly situated prisoners when she was determined to be precluded from early release consideration due to her SOC enhancement. Her equal protection claim fails.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 9, 2019

SUSAN ILLSTON
United States District Judge